**WILSON v. MELUGIN et al.**

No. 14800.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 15, 1946.

Rehearing Denied Dec. 13, 1946.

Arch Dawson, of Wichita Falls, and James W. Harvey, of Archer City, for appellant.

McDonald & Anderson, of Wichita Falls, for appellees.

### McDONALD, Chief Justice.

The theory upon which plaintiffs seek to recover in this suit may be stated briefly as follows: Plaintiff Melugin and defendant Wilson are lawyers. Plaintiff claims that a Mrs. Longley employed plaintiff and defendant in the Spring of 1937 to bring suit against her former husband J. T. Longley for an additional share in their community estate discovered by Mrs. Longley after a divorce and settlement of their property rights; that plaintiff and defendant agreed with each other and with Mrs. Longley that the attorney's fee would be divided between the two lawyers; that shortly thereafter Mrs. Longley canceled the contract employing the attorneys; that J. T. Longley died within a few months after that time, and that in December of 1938 Mrs. Longley decided to proceed with her claim against the estate of J. T. Longley, and made a new contract in which Wilson alone was named as the attorney; that defendant Wilson immediately informed plaintiff Melugin of the employment by Mrs. Longley, and told Melugin that the new contract contained the same terms as did the old one, and that Wilson and Melugin would share equally in the attorney's fee. Plaintiff claims that by the joint efforts of himself and defendant, litigation was successfully prosecuted in Mrs. Longley's behalf, and that certain properties and money came into defendant's hands as an attorney's fee. The suit is to recover half of such money and property.

In his pleadings and by his testimony, the defendant Wilson denies having made an agreement to share such fee with plaintiff Melugin, and denies that Melugin assisted in the prosecution of the litigation. It is enough to say that the evidence was very much in conflict, and consequently such as to raise jury issues on the controlling questions in the case.

Ten special issues were submitted to the jury. The first reads as follows:

"Do you find from a preponderance of the evidence that the plaintiff Garvey Melugin and defendant J. R. Wilson agreed between themselves to represent Mrs. Effie Longley in her suit to recover property from J. T. Longley?"

The inquiries contained in the second, third, eighth, ninth and tenth issues are, either directly or indirectly, conditioned upon an affirmative answer to the first issue. The fourth issue inquires whether Effie Longley employed Melugin to represent her in her efforts to recover additional property from the Longley Estate. The fifth issue inquires whether Mrs. Longley agreed that Melugin might become associated with Wilson as her attorney to represent her in her efforts to recover additional property from the Longley Es-

tate. The sixth and seventh issues are merely defensive issues, and although answered favorably to plaintiff, could not, by themselves, constitute a verdict on which judgment could be rendered for plaintiff.

The trial court rendered judgment on the verdict in favor of plaintiff, awarding him, in substance, half the attorney fee collected by defendant.

■ Several days after the judgment was rendered, defendant filed a motion for judgment non obstante veredicto, and urges on appeal that we should render judgment in favor of defendant. We wave aside, because it is not necessary to decide it, the question whether or not a motion for judgment non obstante veredicto, such as is provided for by Rule 301, Texas Rules of Civil Procedure, could under any circumstances properly be filed after rendition of judgment. Motion for judgment non obstante is usually made on the theory that a directed verdict should have been ordered, or on the theory that there is no evidence of probative value in support of one or more specified findings of the jury. The theory upon which defendant, appellant in this court, really contends that judgment should have been rendered in his favor, is that the findings of the jury were not upon any controlling issue supported by pleadings and proof. As has been said, plaintiff alleged, and there was testimony sufficient to show, if believed by the jury, that Mrs. Longley employed plaintiff and defendant, in the early part of 1937, to represent her in an effort to recover property from her former husband J. T. Longley, who was still alive at that time. She cancelled this contract of employment, and, if the testimony favorable to plaintiff be believed, employed Wilson alone to represent her, in December of 1938, in a suit against the Longley Estate, and Wilson in turn engaged Melugin to work with him in the case and agreed to divide the fee. The first issue·inquires whether Wilson and Melugin agreed between themselves to represent Mrs. Longley in her suit to recover property from J. T. Longley. There is no issue inquiring whether Wilson and Melugin agreed between themselves to represent· Mrs. Longley in a suit against the Longley

Estate, and none inquiring whether they agreed to share such fee as might be collected in a suit against the Longley Estate. In view of the sharp conflict in the evidence, and in view of the fact that reference was made in both pleading and proof to an agreement made early in 1937 concerning a suit against J. T. Longley, and to a later and different agreement made in December of 1938 concerning a suit against the Longley Estate, we can find no basis for holding that the first issue inquired about the Longley Estate litigation, as distinguished from the proposed litigation against J. T. Longley, nor can we say that the jury must necessarily have understood that the first issue called on them to find whether Wilson and Melugin agreed between themselves to represent Mrs. Longley in her suit against the Longley Estate, after she had made her second contract of employment with Wilson in December of 1938.

■ Appellant suggests that plaintiff waived his right to recover on the basis of a contract made between him and Wilson after Mrs. Longley had employed Wilson for the second time, in December of 1938, because plaintiff did not request submission to the jury of any issues inquiring about the second of the two agreements alleged to have been made with defendant, citing Rule 279. We do not believe that the record before us presents a proper case for application of the portion of Rule 279 on which appellant relies. There is nothing to suggest that plaintiff abandoned or waived his plea to the effect that defendant again agreed with plaintiff that they should represent Mrs. Longley and divide the fee, after she employed defendant for the second time· in December of 1938. The reasonable implications are to the contrary.

■ The judgment cannot be based on the finding of the jury in response to the fourth issue that Mrs. Longley employed Melugin to represent her in her efforts to recover additional property from the Longley Estate. The pleadings and proof do not support a recovery based on employment of plaintiff by Mrs. Longley. The case alleged and sought to be proved was that Wilson engaged Melugin to help him

in the case and agreed to divide the fee. For substantially the same reason the judgment cannot be based on the answer to the fifth issue to the effect that Mrs. Longley agreed that Melugin might become associated with Wilson in her efforts to recover additional property from the Longley Estate. Neither of these findings, taken alone or in connection with the remaining findings, constitutes a sufficient basis for a judgment in favor of plaintiff for half the fee collected by the defendant for prosecuting the litigation against the Longley Estate.

Whether or not a technical interpretation of our rules of appellate procedure would permit us to render judgment here in favor of the defendant, we believe that the ends of justice would best be served by remanding the cause for another trial in order that the parties may have opportunity of presenting the controlling questions to the jury.

The judgment of the trial court is reversed and the cause is remanded for another trial.

HALL, J., did not participate in the decision of this case.